Totten, J.,
delivered the opinion of the court.
The plaintiff in error, a corporation and owner of a turnpike road, was indicted in the circuit court of Sumner for permitting' its said road to he and remain out of repair. To the indictment there was a demurrer,which was overruled by the court,' and the corporation fined in the sum of fifty dollars.
The corporation is indicted by the name and description of the ci Red River Turnpike Company,” and the question made is, whether it may be indicted by its corporate name?
By the act of 1831, ch. 42, any “ person or body corporate,” owner of a turnpike road, “ who shall fail or refuse to put and keep the same in repair as prescribed in the act of incorporation,” shall be' subject to presentment or indictment in the same manner as overseers of roads. Under this act the corporation may be proceeded against, and fined by its corporate name. There is no doubt that the same may be done at the common law. The corporation. owes a duty to the public to keep its road in proper condition and repair *476 as the consideration by which it is entitled to receive tolls for the use of the road; aud if it fail in the performance of this public duty, it may be held to make atonement to the public in this mode of proceeding. It will be acted upon, of course, through the medium of the officers who represent it.
But, it is said that the act of 1849, ch. 115, requires that the indictment, or presentment, shall be against the “ president of. any chartered turnpike company.” That is true in reference to the offences declared in that act; which provides in substance, that the owner of the turnpike road shall not be permitted to'obstruct it by placing on it rock or gravel, or other material intended to be used for repairs, or by other means whatever. In such case the indictment may be against the “president of the company.”
But we do not consider that this act repeals or impairs in any degree, the provisions of the act of 1831, before referred to; for, they may well stand together, and be in force. By the one, the road shall be kept in repair; by the other, in making those repairs the owner of the road, shall not obstruct it by placing his materials upon it; nor shall he otherwise obstruct it to the public prejudice, though he be owner. And while commenting oh this statute, we do not intend to say that it creates a new offence, requiring a provision for a new remedy. For, if the owner of a turnpike road, chartered and kept for' public use, obstruct it when it is his duty to keep it open and clear of obstruction, is he not liable in the same maimer as if the road were not in repair. The injury to the public is the same.
*477 We may farther observe that the act of 1835, ch. 66, provides that the “ proprietors of turnpike roads,” or “the keepei'3 thereof,” who shall permit their roads to remain out of repair, are liable to be proceeded against in the same manner as overseers of public roads.
It will be seen, therefore, that an incorporated turnpike company may be indicted by its corporate name, or the proprietors of such turnpike, or Iceeperrs thereof, may be indicted by their proper names, stating their relation to the road, as owner, or keeper.
Judgment affirmed.